UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FREDERICK ROGERS,

Plaintiff,

v.

WENTWORTH - Officer,
CORRECTIONAL CORPORATION OF AMERICA, and WISCONSIN DEPARTMENT OF CORRECTIONS,

Defendant.

Civil File No. 01-2052 (DWF/JGL)

ORDER

---

Plaintiff, a prisoner at the Prairie Correctional Facility in Appleton, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) Plaintiff did not pay any filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application is now before the Court, and must be addressed before any other action is taken in this matter.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .

FILED 11-16-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners who are granted IFP status are <u>not</u> excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

The PLRA also specifically requires that prisoners seeking IFP status must submit not only the normal affidavit in support of their claim of indigence, (which is required of all IFP applicants pursuant to § 1915(a)(1)), but also "a <u>certified</u> copy of the trust fund

account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Certified trust account information is required so that the Court can determine the initial partial filing fee that the prisoner will have to pay pursuant to § 1915(b)(1). In this District, prisoners can satisfy the requirement of § 1915(a)(2) by submitting the IFP application form prescribed for use in this District, provided that the "certificate" portion of the application form is completed and signed by an appropriate prison official.

In the present case, Plaintiff has not complied with the requirements of § 1915(a)(2), as he has not provided any properly certified information regarding his prisoner trust account. Therefore, the Court is unable to determine the amount of the initial partial filing fee that Plaintiff will have to pay before his action can go forward. To correct this deficiency, Plaintiff should submit a new IFP application on the form currently prescribed for use in this District. The new IFP application, including the "certificate" portion of the form, must be properly completed, signed by an appropriate prison official, and filed with the Court.[1]

In addition to filing a new IFP application, Plaintiff also must remit his initial partial filing fee to the Clerk of Court. According to § 1915(b)(1), (quoted above), that fee will be twenty percent (20%) of the greater of (A) the average monthly deposits to Plaintiff's account; or (B) the average monthly balance in his account, during the 6-month period

---

[1] Plaintiff's present IFP application was submitted on the proper form, but the "Certificate" portion of the application form has not been completed. Thus, the certified financial information needed to compute the initial partial filing fee has not been provided.

immediately preceding the filing of the complaint. No further action will be taken in this matter until the statutorily prescribed initial partial filing fee has been paid to the Clerk of Court.

Plaintiff will be required to submit both (a) a new, properly completed, IFP application, and (b) the full amount of his initial partial filing fee, within thirty days after the date of this order. If he fails to do so, it will be recommended that the action be dismissed, without prejudice, for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff submits both a proper IFP application and his initial partial filing fee within the time allowed, this action will be allowed to go forward. In that event, however, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief can be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that the named Defendants be served by the U.S. Marshal.[2]

Based upon the above, and upon all the files, records, and proceedings herein,

---

[2] Although Plaintiff's complaint has not yet been thoroughly examined, no actionable claim is readily apparent. As far as the Court can tell, Plaintiff is attempting to bring an Eighth Amendment claim against the named Defendants. However, the facts alleged in his complaint do not appear to support such a claim. See White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994) ("[w]hile a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation"); Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (not "every malevolent touch by a prison guard gives rise to a federal cause of action";... "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force..."); see also 42 U.S.C. § 1997e(e) (barring prisoner claims for purely mental or emotional injuries). Plaintiff should carefully consider whether he is willing to commit himself to spending $150 to pursue an action that is unlikely to survive the § 1915A screening process.

**IT IS HEREBY ORDERED** that:

1. Within thirty days after the date of this order Plaintiff shall submit both (a) a new IFP application on the prescribed form, and (b) the correct amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1); and

2. In the event that Plaintiff fails to submit both the new IFP application and his initial partial filing fee within thirty days after the date of this order, it will be recommended that this action be dismissed without prejudice.

Dated: November 16, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge