UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FREDERICK ROGERS,

Plaintiff,

v.

OFFICER WENTWORTH,
PRAIRIE CORRECTIONAL
FACILITY/CCA, WISCONSIN
DEPARTMENT OF CORRECTIONS,

Defendants.

---

Civil No. 01-2052 (DWF/JGL)

**ORDER**

Plaintiff has filed an amended complaint seeking relief for alleged violations of his federal constitutional rights, which purportedly occurred while he was incarcerated at the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota. In a separate Report and Recommendation filed contemporaneously with this Order, it has been recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b) as to all Defendants, except Officer Wentworth. The matter is now before the Court for the purpose of determining whether Plaintiff should be granted leave to proceed in forma pauperis, ("IFP"), with regard to his surviving claims against Officer Wentworth.

When Plaintiff commenced this action, he did not tender the $150 filing fee required by 28 U.S.C. § 1914(a), but instead filed an application for leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) Plaintiff's original IFP application was incomplete, however, because it did not include certified information about his prison trust account, as required by 28 U.S.C. § 1915(a)(2). Furthermore, Plaintiff did not tender the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Those two deficiencies were called to

FILED 1-8-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff's attention by order dated November 16, 2001. (Docket No. 3.) That order directed Plaintiff to file an amended IFP application with the certified trust account information required by § 1915(a)(2). He also was required to submit the initial partial filing fee required by § 1915(b)(1). Plaintiff has now filed an amended IFP application, (Docket No. 4), but he still has not tendered any initial partial filing fee.

Upon reviewing Plaintiff's amended IFP application, the Court notes that Plaintiff's average monthly balance in his prisoner trust account during the past six months has been only $17.56, and that the average monthly deposit to his account during same period has been only $13.03. More significantly, the present balance in Plaintiff's prison trust account, (as of November 28, 2001), is only seven cents. Based on this information, the Court finds that Plaintiff currently has no assets and no means by which to pay even an initial partial filing fee. Therefore, Plaintiff's IFP application will be GRANTED, and he will be excused from paying an initial partial filing fee in this matter, pursuant to 28 U.S.C. § 1915(b)(4).

Of course, Plaintiff still will have to pay the unpaid balance of the statutory filing fee, (in this case, the full $150), in installments pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court will be directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the sole remaining Defendant, Officer Wentworth, served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). However, Marshal service cannot be accomplished at this time, because

Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285, and one extra copy of his amended complaint. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993).[1] If he does not satisfy this requirement within the next thirty (30) days, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal.

The Court will presently defer any ruling on the legal sufficiency of Plaintiff's claims against Defendant Wentworth. (See 28 U.S.C. § 1915A.) If service of process is effected on Defendant Wentworth, he will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and amended complaint, so that Defendant Wentworth will be apprised of his obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's amended application for leave to proceed in forma pauperis, (Docket No. 4), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely $150 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of Court shall

---

[1] Form USM-285 will be provided by the Clerk's office upon request.

provide notice of this requirement to authorities at the institution where Plaintiff is confined;

3. Within thirty (30) days after the date of this order, Plaintiff shall file one completed Form USM-285 and one extra copy of his amended complaint to be used for service of process by the U.S. Marshal, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on Defendant Wentworth;

5. A copy of this order shall be served together with the summons and Plaintiff's amended complaint; and

6. If service of process is effected on Defendant Wentworth, he will be required to file a response to Plaintiff's amended complaint.

Dated: January 7, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge