UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

FREDERICK ROGERS,

Plaintiff,

v.

OFFICER WENTWORTH,
PRAIRIE CORRECTIONAL
FACILITY/CCA, WISCONSIN
DEPARTMENT OF CORRECTIONS,

Defendants.

Civil No. 01-2052 (DWF/JGL)

**REPORT AND RECOMMENDATION**

---

Plaintiff, a prisoner at the Prairie Correctional Facility ("PCF") in Appleton, Minnesota, has filed an amended complaint seeking relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights.[1] The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted against any of the Defendants, with the possible exception of Officer Wentworth. It will therefore be recommended that this action be summarily dismissed as to all Defendants, except Wentworth.

---

[1] Plaintiff's original complaint, (Docket No. 1), has been superceded by an amended complaint, (Docket No. 5), filed pursuant to Fed. R. Civ. P. 15(a). Because Plaintiff has now amended his pleading "once as a matter of course," he cannot file any further amendments without pre-approval from the Court. Fed. R. Civ. P. 15(a); see also Local Rule 15.1.

FILED 1-8-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## I. BACKGROUND

In his amended complaint, Plaintiff alleges that on October 24, 2001, Defendant Wentworth escorted him out of a shower area at PCF. While doing so, Wentworth allegedly said to Plaintiff "I don't like you," and then somehow caused Plaintiff to be hit in the back, apparently by a closing cell door. Plaintiff claims that he suffered injuries to his back and neck as a result of Wentworth's alleged "attack," and that he has been taking medication for ongoing pain. He also claims that he has suffered related injuries to his mental well-being.

Plaintiff is now seeking relief under 42 U.S.C. § 1983, presumably for alleged violations of his Eighth Amendment rights. He is asking the Court for "exemplary and punitive damages[;] pain and suffering[;] mental angishes [sic][;] crimial [sic] charges[;] summary judgement in favor of the Plaintiff."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government agency, (namely the Wisconsin Department of Corrections), his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to most of the Defendants,

because Plaintiff's amended complaint fails to state any actionable claim against them.

To state an actionable § 1983 claim, the complaint must allege facts showing each "individual defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (emphasis added). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must set forth specific factual allegations showing what each individual defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). In this case, Plaintiff's amended complaint fails to state an actionable § 1983 claim against any of the named Defendants, with the possible exception of Defendant Wentworth, because there are no factual allegations describing anything that any Defendant (other than Wentworth) did or failed to do that could be viewed as a violation of Plaintiff's constitutional rights.

Indeed, it clearly appears from the amended complaint that only Wentworth had any possible direct connection to the event that allegedly caused Plaintiff to be injured. It also clearly appears that Plaintiff is attempting to sue all of the other Defendants solely on the theory of respondeat superior. In other words, he is claiming that the other Defendants

should be held vicariously liable for Wentworth's alleged wrongdoing, merely because of their legal relationship to Wentworth. It is well-settled, however, that respondeat superior is simply not applicable in § 1983 actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, Plaintiff has failed to state an actionable claim against any of the named Defendants, except (perhaps) for the one Defendant who is alleged to be directly responsible for his alleged injuries -- namely Defendant Wentworth.[2]

**III. CONCLUSION**

For the reasons discussed above, the Court finds that Plaintiff's amended complaint fails to state any actionable § 1983 claim against any of the named Defendants, with the possible exception of Defendant Wentworth. It will therefore be recommended that the action be summarily dismissed as to all Defendants except Wentworth, pursuant to 28 U.S.C. § 1915(b)(1). The Court will defer any ruling on the adequacy of Plaintiff's allegations against Defendant Wentworth, and Plaintiff will be allowed to pursue his claims against him for now.

---

[2] It is also worth noting that Plaintiff's § 1983 claims against the Wisconsin Department of Corrections are barred by the Eleventh Amendment. See Glick v. Henderson, 855 F.2d 536, 540, (8th Cir. 1988). Under the Eleventh Amendment, states and their agencies are immune from suit in federal court, unless the state has consented to being sued, Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). It is well-settled that Congress did not lift the states' Eleventh Amendment immunity when it enacted § 1983, (Will, 491 U.S. at 66-67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979)), and there is no indication that the Wisconsin Department of Corrections has waived its immunity and consented to being sued in this case.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against all Defendants other than Officer Wentworth be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against Officer Wentworth be allowed to proceed at this time, without prejudice to any defenses that Wentworth may later seek to raise.

Dated: January 7, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Jan. 28, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.