UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**FREDERICK ROGERS**,

Petitioner,

v.

**OFFICER WENTWORTH,**

Respondent.

Civil No. 01-2052 (DWF/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Frederick Rogers, pro se

Sarah Crippen Madison, Esq., for Respondent

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Respondent's Motion to Dismiss or for Summary Judgment (Doc. No. 13) and Petitioner's Motion for Summary Judgment (Doc. No. 25). Petitioner instituted this action by filing a complaint alleging violation of his civil rights under 42 U.S.C. § 1983. (Doc. No. 1, Amended Complaint, Doc. No. 5). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636

FILED OCT 2 3 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and D. Minn. LR 72.1. For the reasons set forth below, the Court recommends that the case be dismissed with prejudice.

## I. BACKGROUND

At the time the original complaint was filed, Petitioner was a prisoner incarcerated at the Prairie Correctional Facility ("PCF") in Appleton, Minnesota. Petitioner's claim stems from acts that allegedly occurred while he was confined at PCF. It should be noted, however, that Petitioner was transferred to a Wisconsin prison in 2002. (Doc. No. 22.)

In the complaint, Mr. Rogers alleges that as he was returning to his cell Officer Wentworth intentionally closed his cell door so it would hit him in the back.[1] Petitioner alleges this act caused him physical and emotional injuries. Petitioner seeks money damages.

## II. PROCEDURAL HISTORY

On April 11, 2002, Respondent filed a Motion to Dismiss or for Summary Judgment. (Doc. No. 13.) Respondent asserts that Petitioner failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) prior to bringing an action under 42 U.S.C. § 1983. Petitioner responded by filing a Motion to Suppress Evidence and Cross Claim of Affidavit of Respondents. (Doc. No. 18.) Petitioner also filed a Motion for Summary Judgment. (Doc. No. 25.)

---

[1] Respondent submits that the Complaint is directed at Corrections Officer Troy Weckworth, misidentified by Petitioner as Officer Wentworth.

By Order dated July 18, 2002, this Court recognized that Petitioner failed to file a response to Respondent's Motion to Dismiss. The Court also interpreted Petitioner's Motion to Suppress Evidence as a motion to file an Amended Response to Respondent's Motion to Dismiss. This motion was granted and Petitioner was ordered to file a Reply to Respondent's Motion to Dismiss by August 1, 2002. (Doc. No. 27.) Petitioner was warned that if he failed to file such a reply by that date, this Court would recommend that the case be dismissed with prejudice. As of this date, Petitioner has not filed a Reply to Respondent's Motion to Dismiss.

## III. DISCUSSION

Respondent has moved to dismiss, asserting that Petitioner failed to exhaust his administrative remedies prior to filing this action as required under the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a) clearly indicates that a prisoner must exhaust his available administrative remedies before pursuing a federal court action based on the conditions of his confinement. Moreover, Petitioner was ordered to reply to Respondent's Motion to Dismiss and has failed to do so.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED:**

1. Respondent's Motion To Dismiss or for Summary Judgment (Docket No. 13), should be **GRANTED**;

2. Petitioner's Motion for Summary Judgment (Doc. No. 25)

should be **DENIED**; and

3. The case should be dismissed with prejudice.

Dated: October 22, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by NOV 8, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.